OPINION
{¶ 1} Appellant Joshua D. Homan appeals a judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, finding him delinquent by reason of breaking and entering (RC.2911.13(A)):
 {¶ 2} "The trial court's order of disposition was an abuse of discretion.
 {¶ 3} "The trial court unjustifiably delayed sentencing between the time of finding delinquency and sentencing.
 {¶ 4} "The trial court committed reversible error by accepting an admission before determining that the admission was knowing, voluntary and intelligent, when it failed to ascertain whether notice requirements were met, thus violating the due process clause of the Fifth andFourteenth Amendments to the United States Constitution and Article 1, Section Sixteen of the Ohio Constitution and Juvenile Rule 29."
On January 11, 2002, a complaint was filed charging appellant with delinquency by reason of two counts of breaking and entering, following a break in at the Goshen Dairy store on January 6, 2002. On February 15, 2002, appellant appeared in juvenile court for a pre-trial on the breaking and entering charges, and also on a pending complaint for violation of a court order. Appellant entered an admission to one count of delinquency by reason of breaking and entering, and the remaining charge of delinquency was dismissed. Appellant also entered an admission to the separate charge of violation of a court order. The matter was continued for disposition, and appellant was returned home on house arrest.
 {¶ 5} Appellant again appeared before the court for a disposition hearing on April 15, 2002. At the disposition hearing, counsel for appellant informed the court that appellant had obtained his GED, and was employed. Counsel also informed the court that appellant had completed the court's TIPP Program, which was aimed at intensive counseling for juveniles who are involved in delinquent conduct. The court informed appellant that she wanted a letter from his employer regarding his work record. She continued the disposition hearing until June 3, 2002, explaining to appellant that the delay was for his benefit. She desired more information concerning his job performance, and wanted him to have an opportunity to continue to show improvement in his behavior.
 {¶ 6} On June 3, 2002, appellant again appeared for a disposition hearing. The court continued the hearing due to a scheduling problem. Appellant did not object to the continuance.
 {¶ 7} On July 29, 2002, the case proceeded to disposition. While appellant continued to cooperate with his mother and was still employed, the court stated that based on his past involvement with the court, appellant needed to understand that there were real consequences for his conduct in the instant matter. The court committed appellant to the care and custody of the Ohio Department of Youth Services for a minium period of six months, to a maximum period not to exceed appellant's 21st birthday.
On August 23, 2002, appellant was to appear before the court to be transported to the Ohio Department of Youth Services to begin his commitment. On that date, appellant's mother appeared and advised the court that appellant had jumped from her vehicle and fled. As appellant was 18 at the time, an order of arrest and detention was issued by the court. Appearing before the court on the warrant for failure to appear, the court continued the stay of execution on the commitment, and placed appellant in the custody of the sheriff's department, with a bond.
 I {¶ 8} Appellant argues that the court's order of disposition committing him to Youth Services for a minimum of six months, up to his 21st birthday, is an abuse of discretion. Appellant argues that the record demonstrates that his behavior had changed, he had obtained a GED, he was doing well at work, and was cooperating with his parents.
 {¶ 9} While the court considered all of the positive information presented concerning appellant's change in behavior, the court noted that appellant had been involved with the court since 1999, and had been provided with a number of opportunities to change his behavior pattern. The court further spoke to appellant concerning the fact that the owners of the business victimized were related to him.
 {¶ 10} The court had the benefit of a pre-sentence investigation report, which recommended the commitment that was ultimately entered by the court. The investigation report revealed that appellant had been adjudicated as unruly in April 1999, and placed on probation for six months. On September 26, 1999, appellant was ordered to serve 30 days detention and perform community service for a theft offense, which was a first degree misdemeanor. On September 18, 2001, appellant was placed on probation for violation of a court order. On September 24, 2001, appellant was adjudicated unruly, and placed on probation. Based upon appellant's past involvement with the court, and the seriousness of the instant offense, which was a felony of the fifth degree, the court did not abuse its discretion in committing appellant to the Department of Youth Services.
The first assignment of error is overruled.
 II {¶ 11} Appellant argues that the lengthy and unjustifiable delay between the finding of delinquency and disposition divested the court of jurisdiction.
 {¶ 12} Pursuant to Juv. R. 29(F)(2)(b), following adjudication, the court may continue the matter for disposition for not more than six months. In the instant case, adjudication occurred on February 19, 2002, and disposition occurred on July 29, 2002. The court conducted disposition within the six months allowed by the Rule, and was not divested of jurisdiction.
 {¶ 13} Further, appellant did not object to either continuance entered by the court. The first continuance of the scheduled April disposition was for appellant's benefit, as the court desired to give appellant more time to demonstrate that he had changed his behavior, and to allow him time to bring forth information from his employer concerning his work performance. When the court continued the June 3, 2002, disposition hearing, counsel for appellant stated on the record that it was not a problem.
 {¶ 14} The second assignment of error is overruled.
 III {¶ 15} Appellant argues that the court did not engage in an adequate colloquy pursuant to Juv. R. 29(D) to determine whether appellant was making the plea voluntarily, with an understanding of the nature of the allegations against him and the consequences.
We note at the outset that the United States Supreme Court has recently considered the standard of review for compliance with Fed. Rules Cr. Proc. Rule 11 in informing a defendant of his rights prior to a plea of guilty. Fed. Rules Cr. Proc. Rule 11 is analogous to Ohio Crim.R. 11 and Juv. R. 29. The United States Supreme Court stated that where a defendant does not enter a Rule 11 objection on the record, the defendant has the burden to demonstrate plain error which affected his substantial rights, and an appellate court may look to the entire record when determining whether the appellant's substantial rights have been affected. United States v. Vonn(2002), 122 S.Ct. 1043, 1046. In the instant case, appellant failed to object, and has not demonstrated plain error affecting his substantial rights.
 {¶ 16} It is apparent from the record that the court complied with Juv. R. 29(D) in determining that appellant was entering his admission voluntarily, intelligently, and knowingly. Prior to accepting appellant's admission, the court advised him that he was giving up his right to trial by admitting the offense. Tr. 10. The court told appellant he was waiving his right to make the State prove that he committed the offense beyond a reasonable doubt, that it was the State's burden to show that he had committed the offense, and that he was under no obligation to present a defense to the charge. Tr. 10. The court advised appellant that if he admitted the offense, he would give up his right to make the State present witnesses and evidence against him, and would give up his right to allow his attorney to cross-examine these witnesses on his behalf. Tr. 11.
 {¶ 17} The court advised appellant that the plea would waive his right to present his own defense, and would give up his right against self-incrimination. Id. The court advised appellant that he would give up his right to cause the court to compel the attendance of witnesses in his favor. Id. The court also informed appellant that he would give up most of his rights of appeal. Tr. 12. The court advised appellant that he had a right to have an appointed attorney for an appeal, as well as a transcript. Id.
As the court explained each of these rights, appellant indicated that he understood. Likewise, the appellant's parents stated that they understood these matters. Appellant indicated that he was satisfied with the legal assistance he had received from his attorney.
 {¶ 18} Further, the court advised appellant of his eligibility for a commitment to the Department of Youth Services for a minimum period of six months, and a maximum period of his 21st birthday. Tr. 13. The court read the complaint to appellant, informing him of the specific facts of the complaint, and the identity and degree of the offense. Tr. 13-14.
 {¶ 19} The record clearly demonstrates that the court complied with Juv. R. 29, by personally engaging in a discussion with appellant to make sure he understood the nature of the charge against him, the consequences of making an admission, and the potential penalty.
 {¶ 20} The third assignment of error is overruled.
 {¶ 21} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
Hoffman and Farmer, JJ., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellant.